IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANDRE WILLIAM HURREY, PRO SE, § <br> TDCJ-CID No. 1413337, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PATSY BELL, § <br>   Warden Tulia Unit, § <br>   in her personal capacity only, and § <br> STATE OF TEXAS, § <br>   in its personal capacity only, § <br> § <br> Defendants. § | 2:09-CV-0137 |

## REPORT AND RECOMMENDATION

Plaintiff ANDRE WILLIAM HURREY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed in forma pauperis.

Plaintiff alleges defendant BELL, while Warden of the Tulia Unit, "did aid, and abet and facilitate the cover-up of the felony crimes . . . against my person which happened on May 8, 2007. Plaintiff alleges defendant the STATE "did cause and facilitate the attitude of being above and beyond any legal reach, of never being held accountable for one's actions in its employees because of the wrongful belief of sovereign immunity and freedom from jurisdiction, which doesn't apply due to Texas' present status as a corporate identity." Plaintiff contends, "[t]hese combinations did cause and facilitate the violation of state felony law and also [his] Fourth, Eighth, and Fourteenth Constitutional Rights."

Plaintiff stipulates he is suing the defendants only in their personal capacities and requests monetary damages of $5.2 million.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has elected to sue the STATE OF TEXAS and has presented no factually specific allegation.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Eleventh Amendment bars citizens' suits in federal court against states and their alter egos. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). The STATE OF TEXAS has not consented to suit under section 1983 and, therefore, is not a "person" liable under the civil rights statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). It is protected by Eleventh Amendment sovereign immunity.

As to defendant BELL, the acts of subordinates trigger no individual section 1983 liability for supervisory officials. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Plaintiff states he is suing defendant BELL in her personal capacity, but he has alleged no fact supporting a theory of personal involvement by defendant BELL.

For the reasons set forth above, the Court concludes plaintiff's claims against his named defendants are barred by sovereign immunity and that plaintiff has failed to state a claim on which relief can be granted.

**CONCLUSION**

For the reasons set forth above, and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ANDRE WILLIAM HURREY be DISMISSED WITHOUT PREJUDICE PURSUANT TO

FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED[3].

If plaintiff chooses to remedy the pleading defects identified above, he may submit an amended complaint within the period allowed for filing objections.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of October 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <b><u>NOTICE OF RIGHT TO OBJECT</u></b> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United

---

[3]"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).