IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| ANDRE WILLIAM HURREY, PRO SE, <br> TDCJ-CID No. 1413337, <br> <br> Plaintiff, <br> <br> v. <br> <br> PATSY BELL, <br>   Warden Tulia Unit, <br>   in her personal capacity only, and <br> STATE OF TEXAS, <br>   in its personal capacity only, <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:09-CV-0137 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
**ANALYZING NEW CLAIMS ASSERTED IN OBJECTIONS TO**
**REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

Plaintiff ANDRE WILLIAM HURREY, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted leave to proceed *in forma pauperis*.

On October 1, 2009, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on October 19, 2009.  Plaintiff's Objections also contained a Motion to Recuse the Magistrate Judge which was denied by separate order.

By his Objections, plaintiff attempts to cure his failure to allege facts showing personal involvement by defendant BELL by presenting factual allegations against defendant BELL which he failed to provide in his complaint.  Plaintiff also points out that the Court mistakenly stated BELL was at the Tulia Unit during the events giving rise to his claims against her when, in fact, she was at the Neal Unit.  Defendant BELL had been transferred to the Tulia Unit subsequent to those events.

**ANALYSIS OF NEWLY ASSERTED CLAIMS**

Plaintiff's newly presented factual allegations against defendant BELL are that, during a UCC hearing on an unrelated matter, plaintiff interjected an accusation that he had been the victim of a sexual assault by various prison personnel by an involuntary catheterization[1] and that he wanted to press criminal charges.  Plaintiff says defendant BELL responded she would look into the matter.  Plaintiff argues BELL violated the Safe Prisons Act and Safe Prisons Program and did not have plaintiff's allegations investigated by the Office of the Inspector General (OIG).  Plaintiff does not state how he knows the OIG was not contacted or what facts indicate it did not investigate his allegation.

To the extent plaintiff is suing because BELL did not facilitate the filing of criminal charges, a private citizen does not have judicially cognizable interest in the prosecution or non-prosecution of another person.  *See, Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (a private citizen does not have judicially cognizable interest in the

---

[1] This incident is the subject of plaintiff's claims in cause no. 2:07-CV-0226.

prosecution or non-prosecution of another person).  Since plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, this claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff is suing defendant BELL for a failure to comply with state law or prison policy, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division."  The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Therefore, this claim, too, lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONSIDERATION OF OBJECTIONS TO REPORT AND RECOMMENDATION**

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS[2], WITHOUT PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS SO ORDERED.

SIGNED AND ENTERED this 23rd day of October, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[2] See the Court's analysis of plaintiff's newly alleged claims analyzed herein.

4